## 31777. STOREY v. STRICKLAND et al.

Per curiam.

This appeal is from a judgment, based upon a verdict of a jury, that canceled a deed conveying realty from Myrtle Carroll Storey to Herbert W. Storey, Jr., the appellant.

The deed that was set aside and voided was executed by Mrs. Storey on June 23, 1975. Shortly thereafter, on September 25, 1975, Mrs. Strickland, the daughter of Mrs. Storey, brought an action against Mrs. Storey and appellant to set the deed aside. Her contention was that Mrs. Storey had orally contracted with her to leave the real estate conveyed by the deed to her in consideration of Mrs. Strickland's caring for her mother for the balance of her life.

Appellant filed responsive pleadings in which he denied Mrs. Strickland's allegations that would warrant the setting aside of the deed from Mrs. Storey to him; he also alleged that Mrs. Storey, after the filing of Mrs. Strickland's complaint, had been adjudicated incompetent and a guardian appointed for her; and he sought to enjoin the taking of a default judgment against the incompetent Mrs. Storey.

Mrs. Storey's guardian then filed responsive pleadings and a cross complaint against the appellant which alleged that the deed in question should be set aside because of Mrs. Storey's incompetence at the time of its execution.

A motion for summary judgment made by the appellant was overruled by the trial judge, and the case proceeded to trial, resulting in the following jury verdict: "We, the jury, find for the defendants, but find in favor of the defendant, Myrtle Carroll Storey, against the defendant Herbert W. Storey, Jr. on the cross-action." Judgment was then entered canceling the deed from Mrs. Storey to Herbert W. Storey, Jr., and the latter has appealed.

1. Appellant contends that the trial judge erred in not granting his motion for summary judgment prior to the trial. The summary judgment evidence raised issues of fact, and the overruling of the motion was not .

erroneous.

2. Appellant next contends that the judgment rendered on the verdict was without evidence to support it. A review of the transcript shows that there was ample evidence to support the verdict of the jury.

3. Several of appellant's enumerated errors complain of rulings made with respect to Mrs. Strickland's complaint against the appellant and Mrs. Storey. The jury found in favor of appellant and Mrs. Storey and against Mrs. Strickland's contentions. Appellant's complaints here can relate only to the jury's finding on the cross complaint between Mrs. Storey and appellant. As between these two parties the jury determined that the deed should be set aside because of the grantor's incompetence at the time of execution. Mrs. Strickland, of course, did not prevail in her contentions against the two defendants.

4. The enumerated errors with respect to the charge of the court to the jury are without merit, because there are no exceptions to the charge of the court in the transcript.

We find no error.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Ingram, Hall and Hill, JJ., concur.*

ARGUED JANUARY 11, 1977 — DECIDED APRIL 5, 1977.

*Willis & Murrah, W. Stanford Willis,* for appellant.
*Moore & Szczepanski, Edward W. Szczepanski, David A. Clark,* for appellees.